NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

I. SHAH and A. Shah,

    Plaintiffs,

        v.

WISCONSIN DEPARTMENT OF
TRANSPORTATION,

    Defendants.

Civil No. 09-6441 (AET)

**OPINION & ORDER**

THOMPSON, J.

    This matter has come before the Court upon Plaintiffs I. Shah and A. Shah's Motion for Default Judgment [docket # 5] pursuant to Fed. R. Civ. P. 55.  The Court has decided the motion after consideration of Plaintiffs' submissions, without oral argument, pursuant to Fed. R. Civ. P. 78(b).  For the reasons discussed below, Plaintiffs' motion is denied.

    **I.    Background**

    On December 18, 2009, Plaintiffs, proceeding *pro se*, filed their Complaint [1], which appears to allege that the Wisconsin Department of Transportation ("DOT") has violated Plaintiffs' civil rights and federal and state privacy laws and also engaged in libel, slander, and defamation.  When Plaintiffs failed to file proof of service within 120 days of the filing of the Complaint, the Clerk's office issued a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m).

    In response to the Notice of Call for Dismissal, Plaintiffs submitted a letter and a sworn affidavit by I. Shah stating that she sent the complaint, waiver of service forms, and the

summons itself to the Attorney General at the Wisconsin Department of Justice ("DOJ") by email, fax, and mail.  (Response re Notice of Call for Dismissal, Aff. of I. Shah ¶ 6 [4].)  According to I. Shah's affidavit, Plaintiffs had previously attempted to utilize a process server to personally serve the summons and complaint, but that these attempts failed.  (*Id.*)  On May 7, 2010, the DOJ sent I. Shah a letter stating that waiver of service forms must be sent directly to the party defendant—the DOT—rather than to the DOJ and that the DOJ had no authority to represent the DOT in this matter until requested to do so by the Secretary of the DOT.  (Mot. for Def. J., Ex. A [5-2].  The DOT has not appeared in this case.  On June 14, 2010, Plaintiffs filed this Motion for Default Judgment due to the DOT's failure to answer or otherwise respond to the Complaint.

    **II.**    **Analysis**

Under the Federal Rules of Civil Procedure, a state-created governmental organization such as the DOT must be served with process by delivering a copy of the summons and of the complaint to the organization's chief executive officer or by serving a copy of the summons and of the complaint in the manner prescribed by that state's law.  Fed. R. Civ. P. 4(j)(2).  Under Wisconsin law, service upon the state may be effected "by delivering a copy of the summons and of the complaint to the attorney general or leaving them at the attorney general's office in the capitol with an assistant or clerk."  W.S.A. § 801.11(3).  Further, under Wisconsin law, service may be effected upon other "bodies politic" by personally serving an "an officer, director, or managing agent thereof" or by leaving a copy of the summons and complaint "in the office of such officer, director or managing agent with the person who is apparently in charge of the

office."[1]  W.S.A. § 801.11(4)(a & b).

Plaintiffs' attempts to serve the DOT by e-mailing, faxing, and mailing a copy of the complaint, waiver of service forms, and summons to the DOJ do not comply with either provision of Rule 4(j)(2).  First, service by email, fax, or mail is not provided for in either Rule 4(j)(2) or the applicable state statute.  *See White v. Green*, 2010 WL 2181737, *2 (3d Cir. 2010) (sending a copy of complaint by certified mail did not comply with Rule 4(j)(2) or applicable state statute which required copy to be handed to one of a number of individuals).  Second, Plaintiffs appear to have sent the summons and complaint only to the DOJ, rather than to the chief executive officer or an officer, director, or managing agent of the DOT as would be required by Rule 4(j)(2)(A) or W.S.A. § 801.11(4).  Because Plaintiffs have failed to properly effect service, the Court lacks personal jurisdiction over the DOT and Plaintiffs' Motion for Default Judgment must be denied.

### III.    Conclusion

For the above reasons, and for good cause shown,

IT IS on this 25th day of June, 2010

ORDERED that Plaintiffs' Motion for Default Judgment [docket # 5] is DENIED without prejudice; and it is

ORDERED that Plaintiffs are to file proof of proper service with the Clerk of the Court within 30 days of this Order; and it is further

---

[1] Because W.S.A. § 801.11 does not refer specifically to state agencies, there is some ambiguity as to whether an organization such as the Wisconsin State Department of Transportation should be served according to § 801.11(3) or (4).  The Court has therefore addressed both subsections of the statute.

ORDERED that if proof of service or a showing of good cause as to the failure to serve the DOT is not provided within 30 days of this Order, the action will be dismissed without prejudice.

*/s/ Anne E. Thompson*
_____
ANNE E. THOMPSON, U.S.D.J.